STATE OF INDIANA ) IN THE LAPORTE SUPERIOR COURT 4
)
COUNTY OF LAPORTE ) CASE NO: 46D04-2404-EV-000564

LAKEFRONT ASSOCIATES, LLC,

v.

JOHN BRICKER

**ORDER**

1) This matter comes before the Court on an Eviction Hearing on July 10th, 2024. Plaintiff, Lakeshore Associates, LLC, appears in person by member, James Epstein, and with counsel, Richard Trainor. Defendant, John Bricker, appears in person and pro se. The Court finds it has jurisdiction of the parties and issues. Hearing on complaint for eviction held. Evidence taken and testimony heard. The Court now finds that:

2) That prior to this hearing, both parties filed several motions.

   i) Notice of Claim filed by Plaintiff on April 24th, 2024.

   ii) Motion for Enlargement of Time filed by Defendant on May 13th, 2024. Granted.

   iii) Motion to Vacate Order of Extension by Plaintiff on May 16th, 2024. No action taken.

   iv) Response to motion by Defendant May 16th, 2024. No action taken.

   v) Court's Motion to Continue on May 20th, 2024.

   vi) Motion to Expedite Hearing by Plaintiff May 22nd, 2024. Granted May 24th, 2024.

   vii) Motion for Stop Payment on a Missing Check by Defendant May 23rd, 2024. No action taken.

   viii) Answer to Motion to Expedite by Defendant on May 23rd, 2024. No action taken.

   ix) Motion for Temporary Restraining Order by Defendant on May 23rd, 2024. No action taken.

x) Answer to Temporary Restraining Order by Plaintiff on May 31st, 2024.

xi) Motion to Continue June 11th, 2024 hearing by Defendant on June 7th, 2024. Granted on June 10th, 2024. June 11th, 2024 hearing continued to July 10th, 2024 by the Court. Status Hearing held on June 11th, 2024 and eviction reset to July 10th, 2024.

xii) Motion for Summary Judgment by Plaintiff on June 11th, 2024. No action taken.

xiii) Response to Plaintiff's Motion for Summary Judgement by Defendant on July 3rd, 2024. No action taken.

xiv) Counterclaim by Defendant on July 3rd, 2024. No action taken.

xv) Motion to Dismiss by Defendant on July 5th, 2024. No action taken.

3) That Plaintiff's counsel, Joseph O. Walsh withdrew as counsel and Attorney Richard Trainor entered his appearance for the Plaintiff on June 27th, 2024.

4) That since this is an Eviction Hearing where small claims rules apply, the Court took no action on various rulings by both parties. Previous motions on an issue other than complaint for possession filed April 24th, 2024 are now denied.

5) That the parties entered into a written lease on June 1st, 2023 for a period of one year, ending on May 31st, 2024. The lease allowed for month-to-month tenancy after the lease expired.

6) The lease also included Addendum 1 which addresses the issue of lease termination, "lease shall continue on a month-to-month period with a 60-day cancellation agreement for any reason by either party following June 1st, 2024. If either party intends to terminate the lease on June 1st, 2024 than (sic) written notice shall be given to the other party by April 1st, 2024."

7) That Addendum 1 further addresses issue of selling the property in the future, which is not at issue in this case.

8) That the lease further included Addendum 2, which addresses the leasing of two additional sections of Building 1 with the rent then becoming $1,100.00 for all the property being leased.

9) That the Court heard testimony and received evidence, and based on the totality of the circumstances, finds the following:

10) This is an eviction matter whereby Plaintiff is seeking immediate possession of the property owned by Lakefront Associates. That a written lease and addendums were entered into by the parties which forms that basis for this cause.

11) That Plaintiff contends that he is owned back rent. The Defendant contends he paid rent and sent the check to Plaintiff in Florida. The Plaintiff denies receiving rent claiming that the envelope was empty.

12) Neither party was able to prove by a preponderance of the evidence whether said check was received. There is no evidence it was cashed.

13) That beyond the issue of a breach of contract based on a failure to pay rent, the Court looks to the lease agreement (Plaintiff Exhibit 1), which clearly states the lease was to begin June 1st, 2023 and end June 1st, 2024, with any holdover by the Defendant to be on a month-to-month basis. The contract does not specify whether the month-to-month tenancy would automatically begin or if that would be decided upon the parties in advance.

14) That the lease does delineate that failure to make any payment of rent or any other payment by the 1st of the month "shall" constitute a default and breach of the lease by Tenant, thereby Landlord would begin eviction proceedings for possession of the property.

15) While there is a conflicting testimony of which, if any months rent is owned by the Defendant, the Defendant did admit that at the time of hearing he had not aid rent for July 2024. He further stated that he believed he would be moving but he was hopefully for 60 days to remove his property. That on July 11th, 2024, Defendant filed an Affirmation of Payment, stating he had paid the July rent on July 10th or 11th, 2024. Payment at this time does not correct any prior breach.

16) The other matter that is not in contention is that the lease expired on June 1st, 2024. The Addendum makes clear that a 60-day written notice needed to be given that the lease would not renew after June 1st, 2024. It does not say certified mail or registered mail. It

says written notice shall be given.

17) The evidence shows that an email sent from Plaintiff to Defendant on March 28th, 2024 was written, indicating that Defendant was being asked to vacate. Further evidence shows that a certified letter dated April 24th, 2024 was sent to Defendant by Plaintiff's counsel reiterating that the lease would be ending on May 31st, 2024 and that arrangements for removal of Defendant's property should begin as the lease would not continue beyond June 1st, 2024. This is then a second written notice. A second certified letter was sent by Attorney Walsh to Defendant on May 31st, 2024 advising the same.

18) That the contract required written notice 60 days prior to June 1st, 2024 or earlier if either party wanted to terminate the lease. The Court finds that email sent by Plaintiff to Defendant on March 28th, 2024 was adequate notice that termination was contemplated. Further notice was given in the letter dated April 24th, 2024 and again in a second certified letter dated May 31st, 2024. All these communications should be interpreted as notice to quit.

19) That even if the previous written notices were not sent and received, the filing of the lawsuit serves as written notice that the Plaintiff wished to end the lease agreement between the parties.

20) The Court can only address the matter of the eviction that has been filed. It is clear from the testimony and evidence that there are previous unresolved issues between the parties. While colleagues at one point, the parties parted was at some point and the relationship has broken down in the process. As much as the Court sympathizes with the Defendant, the legal standard of proof by a preponderance of the evidence has been met by the Plaintiff. In other words, the Court finds written notice was given on more than one occasion that the lease was not going to continue on a month-to-month basis beyond June 1st, 2024. The first notice was given in March, the second in April, and the third in May 2024. The filing of the lawsuit in April 24th, 2024 also serves as legal notice that the Plaintiff wished to not renew the lease and end the business relationship between Plaintiff and Defendant as of June 1st, 2024.

21) The lease ended as of June 1st, 2024. The Defendant has no legal authority to occupy the property. His attempt at late payment for July does not cure any previous breach.

22) The Court, being duly advised in the premises, now finds that the Plaintiff is entitled to possession of the subject premises and Orders the Defendant, John Bricker, to vacate the premises and take all belongings from the subject premises of 210 Freyer Road, Michigan City, IN 46360 on or before 5:00 p.m. on July 31th, 2024. If the Defendant fails to vacate the premises, Plaintiff may seek assistance by and through the La Porte County Sheriff's Department. The La Porte County Sheriff is hereby ordered to assist and remove the Defendant from the above-referenced premises.

23) A Damages Hearing is scheduled for the 9th day of September, 2024 at 1:30 p.m.

This Order shall expire thirty (30) days from the date of the order, July 22nd, 2024.

**ALL OF WHICH IS ORDERED** on this the 22nd day of July, 2024.

Honorable Greta Stirling Friedman, Judge
LaPorte Superior Court 4