-FILED-
NOV 02 2026
At ______ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN BRICKER,

Plaintiff,

v.

CAUSE NO. 3:26-cv-01125-DRL-SJF

JAMES M. EPSTEIN and LAKE FRONT ASSOCIATES, LLC,

Defendants.

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' PARTIAL MOTION TO DISMISS**

Plaintiff John Bricker, appearing pro se, moves under Federal Rule of Civil Procedure 6(b)(1)(A) and N.D. Ind. Local Rule 6-1(a) for an extension of twenty-eight (28) days in which to respond to Defendants' Partial Motion to Dismiss [DE 13] and the Memorandum in Support thereof [DE 14], and states:

1. Defendants filed their Partial Motion to Dismiss [DE 13] and Memorandum in Support [DE 14] on October 12, 2026, and served them on Plaintiff by United States mail the same date.

2. ORIGINAL DEADLINE. By Order entered October 13, 2026 [DE 15], the Court ordered Plaintiff to file his response by November 3, 2026. L.R. 6-1(a)(2).

3. REQUESTED DEADLINE. Plaintiff requests that the deadline be extended to December 1, 2026 — twenty-eight days. L.R. 6-1(a)(2).

4. Plaintiff Seeks the Same Relief Defendants Received. On September 3, 2026, Defendants moved under Federal Rule of Civil Procedure 6(b)(1)(A) and N.D. Ind. Local Rule 6-1(a) for an extension of time to respond to the Complaint [DE 6]. Defendants requested "an extension of 28 days, to and including October 15, 2026." [DE 6 ¶ 3.] Plaintiff requests the same twenty-eight-day period, under the same Rule and the same Local Rule, to respond to the motion that resulted.

5. PLAINTIFF DID NOT OPPOSE THAT REQUEST. On September 4, 2026, Plaintiff advised Defendants' counsel by electronic mail: "I have received your appearance and your motion to extend. I do not oppose the extension." In the same message Plaintiff stated that he intended "to cooperate fully in the orderly progress of this case" and was "available to confer whenever that would be useful," and he volunteered that the Amended Complaint he had tendered the previous day under Rule 15(a)(1) might bear on the response date in Defendants' pending motion. A copy of that message is attached as Exhibit A. Plaintiff's non-opposition was communicated by electronic mail and is not reflected on the docket.

6. Defendants' Own Good-Cause Showing. Defendants represented that good cause existed because "[c]ounsel has only recently been retained and requires additional time to review the complaint and its exhibits, to review the extensive prior state court proceedings between these parties referenced in the complaint, to investigate the factual allegations, and to determine and prepare the appropriate response." [DE 6 ¶ 4.] Plaintiff has no counsel at all. The preclusion and Rooker-Feldman grounds Defendants now raise turn on the same "extensive prior state court proceedings," one of which remains pending. If recent retention of counsel was good cause for twenty-eight days, the absence of counsel is good cause for the same period.

**7.** PLAINTIFF HAS READ THE COURT'S ORDER. Plaintiff acknowledges the Court's advisement at DE 15 that failure to respond may result in a summary ruling under N.D. Ind. Local Rule 7-1(d)(5) and in the partial dismissal of his claims. Plaintiff intends to respond. He seeks additional time in order to respond adequately rather than not at all.

**8.** COMPETING DEADLINES IN THREE MATTERS. Plaintiff presently has three filings due within the next two weeks. In addition to the response sought to be extended here, Plaintiff has a petition for rehearing due October 29, 2026 in Bricker v. Peachtree Partners-Indiana I, LLC, No. 25A-EV-2351 (Ind. Ct. App.), and a written status report due November 6, 2026 in Bricker v. Weichert Real Estate Affiliates, Inc., No. 3:26-cv-00702-DRL-SJF (N.D. Ind.) [DE 27 in that action].

**9.** The October 29 appellate deadline cannot be moved. Indiana Appellate Rule 54(B) provides that a petition for rehearing "shall be filed no later than thirty (30) days after the decision," that the three-day extension for service by mail "does not extend the due date," and that "no extension of time shall be granted." Of Plaintiff's three deadlines, the deadline at issue in this motion is the only one that may lawfully be extended.

**10.** THE SCOPE OF THE MOTION TO BE ANSWERED. Defendants seek dismissal under Rule 12(b)(6) of Counts I, III, V, VI and VII of the Amended Complaint, and of the notice-and-cure, quiet-possession and buyer-continuation claims within Count IV [DE 9 ¶ 95(a)-(c), (e)]. Defendants separately seek dismissal under Rules 12(b)(1) and 12(h)(3) of the notice-and-cure claims, on Rooker-Feldman grounds, to the extent they seek damages for loss of possession. The supporting Memorandum spans twenty-five pages and is accompanied by two exhibits.

11. **PLAINTIFF'S CIRCUMSTANCES. Plaintiff appears pro se. He is not a registered electronic filer, so he must file on paper and is served by mail. Plaintiff has not been able yet to secure counsel to respond to the dismissal motion.**

**12.** NO CONSULTATION REQUIRED. Local Rule 6-1(c)(1) provides that "[n]either attorneys nor pro se parties are required to consult with each other before filing a motion to extend time." Defendants invoked that same provision in declining to confer with Plaintiff before filing DE 6. [DE 6 ¶ 6.] Plaintiff has likewise not conferred, does not know Defendants' position, and will confer promptly if the Court prefers that he do so.

**13.** NO AUTOMATIC EXTENSION AVAILABLE. Local Rule 6-1(c)(2) provides that "[t]he automatic initial extension is not available in cases with a pro se party." Defendants stated the same at DE 6 ¶ 7. Plaintiff therefore proceeds by written motion under L.R. 6-1(a).

**14.** FIRST REQUEST. This is Plaintiff's first request for an extension of this deadline.

**15.** TIMELINESS. This request is made before the deadline set by the Court expires. Fed. R. Civ. P. 6(b)(1)(A).

**16.** NO PREJUDICE. As Defendants stated of their own request, no scheduling order has been entered and no hearing or trial date has been set, and the requested extension "will not prejudice any party or delay the orderly progress of this case." [DE 6 ¶ 5.] Defendants have further stated that they do not move to dismiss Count II or Count IV's Sale Addendum and doorway claims at this stage and will answer those claims within the time allowed by Rule 12(a)(4)(A) [DE 13 at 2], so no answer deadline is now running. This motion is made in good faith and not for purposes of delay.

**17.** Plaintiff does not by this motion concede any contention in Defendants' Motion or Memorandum, and reserves all objections and defenses to them.

WHEREFORE, Plaintiff respectfully requests that the Court extend the deadline for his response to Defendants' Partial Motion to Dismiss [DE 13] from November 3, 2026 to and including December 1, 2026, and grant all other just and proper relief.

Respectfully submitted,

John Bricker

John Bricker, Plaintiff pro se

P.O. Box 144

New Buffalo, MI 49117

(269) 612-8946

octovent@fastmail.fm

Dated: October 23, 2026

**CERTIFICATE OF SERVICE**

I certify that on October 23, 2026, I served a copy of the foregoing, with Exhibit A, upon counsel for Defendants by first-class United States mail, postage prepaid, addressed to:

J. Thomas Vetne
Chester Law Office
230 N. Main St., Suite 2
Elkhart, IN 46516

John Bricker, Plaintiff pro se