IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN BRICKER,

Plaintiff,

v.

JAMES M. EPSTEIN and LAKE FRONT ASSOCIATES, LLC,

Defendants.

CAUSE NO. 3:26-cv-01125-DRL-SJF

FILED – NOV 03, 2026 – PM02:34
US DISTRICT COURT
Northern District of Indiana
Chanda J. Berta – Clerk

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' PARTIAL MOTION TO DISMISS**

Plaintiff John Bricker, appearing pro se, moves under Federal Rule of Civil Procedure 6(b)(1)(A) and N.D. Ind. Local Rule 6-1(a) for an extension of twenty-eight (28) days in which to respond to Defendants' Partial Motion to Dismiss [DE 13] and the Memorandum in Support thereof [DE 14], and states:

1. Defendants filed their Partial Motion to Dismiss [DE 13] and Memorandum in Support [DE 14] on October 12, 2026, and served them on Plaintiff by United States mail the same date.

2. ORIGINAL DEADLINE. By Order entered October 13, 2026 [DE 15], the Court ordered Plaintiff to file his response by November 3, 2026. L.R. 6-1(a)(2).

3. REQUESTED DEADLINE. Plaintiff requests that the deadline be extended to December 1, 2026 — twenty-eight days. L.R. 6-1(a)(2).

4. Plaintiff Seeks the Same Relief Defendants Received. On September 3, 2026, Defendants moved under Federal Rule of Civil Procedure 6(b)(1)(A) and N.D. Ind. Local Rule 6-1(a) for an extension of time to respond to the Complaint [DE 6]. Defendants requested "an extension of 28 days, to and including October 15, 2026." [DE 6 ¶ 3.] Plaintiff requests the same twenty-eight-day period, under the same Rule and the same Local Rule, to respond to the motion that resulted.

5. PLAINTIFF DID NOT OPPOSE THAT REQUEST. On September 4, 2026, Plaintiff advised Defendants' counsel by electronic mail: "I have received your appearance and your motion to extend. I do not oppose the extension." In the same message Plaintiff stated that he intended "to cooperate fully in the orderly progress of this case" and was "available to confer whenever that would be useful," and he volunteered that the Amended Complaint he had tendered the previous day under Rule 15(a)(1) might bear on the response date in Defendants' pending motion. A copy of that message is attached as Exhibit A. Plaintiff's non-opposition was communicated by electronic mail and is not reflected on the docket.

6. Defendants' Own Good-Cause Showing. Defendants represented that good cause existed because "[c]ounsel has only recently been retained and requires additional time to review the complaint and its exhibits, to review the extensive prior state court proceedings between these parties referenced in the complaint, to investigate the factual allegations, and to determine and prepare the appropriate response." [DE 6 ¶ 4.] Plaintiff has no counsel at all. The preclusion and Rooker-Feldman grounds Defendants now raise turn on the same "extensive prior state court proceedings," one of which remains pending. If recent retention of counsel was good cause for twenty-eight days, the absence of counsel is good cause for the same period.

**7.** PLAINTIFF HAS READ THE COURT'S ORDER. Plaintiff acknowledges the Court's advisement at DE 15 that failure to respond may result in a summary ruling under N.D. Ind. Local Rule 7-1(d)(5) and in the partial dismissal of his claims. Plaintiff intends to respond. He seeks additional time in order to respond adequately rather than not at all.

**8.** COMPETING DEADLINES IN THREE MATTERS. Plaintiff presently has three filings due within the next two weeks. In addition to the response sought to be extended here, Plaintiff has a petition for rehearing due October 29, 2026 in Bricker v. Peachtree Partners-Indiana I, LLC, No. 25A-EV-2351 (Ind. Ct. App.), and a written status report due November 6, 2026 in Bricker v. Weichert Real Estate Affiliates, Inc., No. 3:26-cv-00702-DRL-SJF (N.D. Ind.) [DE 27 in that action].

**9.** The October 29 appellate deadline cannot be moved. Indiana Appellate Rule 54(B) provides that a petition for rehearing "shall be filed no later than thirty (30) days after the decision," that the three-day extension for service by mail "does not extend the due date," and that "no extension of time shall be granted." Of Plaintiff's three deadlines, the deadline at issue in this motion is the only one that may lawfully be extended.

**10.** THE SCOPE OF THE MOTION TO BE ANSWERED. Defendants seek dismissal under Rule 12(b)(6) of Counts I, III, V, VI and VII of the Amended Complaint, and of the notice-and-cure, quiet-possession and buyer-continuation claims within Count IV [DE 9 ¶ 95(a)-(c), (e)]. Defendants separately seek dismissal under Rules 12(b)(1) and 12(h)(3) of the notice-and-cure claims, on Rooker-Feldman grounds, to the extent they seek damages for loss of possession. The supporting Memorandum spans twenty-five pages and is accompanied by two exhibits.

11. **PLAINTIFF'S CIRCUMSTANCES. Plaintiff appears pro se. He is not a registered electronic filer, so he must file on paper and is served by mail. Plaintiff has not been able yet to secure counsel to respond to the dismissal motion.**

12. NO CONSULTATION REQUIRED. Local Rule 6-1(c)(1) provides that "[n]either attorneys nor pro se parties are required to consult with each other before filing a motion to extend time." Defendants invoked that same provision in declining to confer with Plaintiff before filing DE 6. [DE 6 ¶ 6.] Plaintiff has likewise not conferred, does not know Defendants' position, and will confer promptly if the Court prefers that he do so.

13. NO AUTOMATIC EXTENSION AVAILABLE. Local Rule 6-1(c)(2) provides that "[t]he automatic initial extension is not available in cases with a pro se party." Defendants stated the same at DE 6 ¶ 7. Plaintiff therefore proceeds by written motion under L.R. 6-1(a).

14. FIRST REQUEST. This is Plaintiff's first request for an extension of this deadline.

15. TIMELINESS. This request is made before the deadline set by the Court expires. Fed. R. Civ. P. 6(b)(1)(A).

16. NO PREJUDICE. As Defendants stated of their own request, no scheduling order has been entered and no hearing or trial date has been set, and the requested extension "will not prejudice any party or delay the orderly progress of this case." [DE 6 ¶ 5.] Defendants have further stated that they do not move to dismiss Count II or Count IV's Sale Addendum and doorway claims at this stage and will answer those claims within the time allowed by Rule 12(a)(4)(A) [DE 13 at 2], so no answer deadline is now running. This motion is made in good faith and not for purposes of delay.

17. Plaintiff does not by this motion concede any contention in Defendants' Motion or Memorandum, and reserves all objections and defenses to them.

18. **FILING IN PERSON; MAILED COPY NOT RECEIVED. On October 23, 2026, Plaintiff mailed this motion, with Exhibit A, to the Clerk and to Defendants' counsel by First-Class United States Mail from New Buffalo, Michigan. The U.S. Postal Service receipt is attached as Exhibit B. Because the mailed copy had not been received or docketed as of November 2, 2026, Plaintiff files this same motion in person on November 3, 2026, before the deadline set by DE 15. Except for this paragraph, Exhibit B, and the dates of signing and service, this motion is identical to the mailed copy; paragraphs 8 and 9 describe Plaintiff's deadlines as of October 23, 2026. If the mailed copy is later received, Plaintiff asks that it be treated as a duplicate of this motion.**

WHEREFORE, Plaintiff respectfully requests that the Court extend the deadline for his response to Defendants' Partial Motion to Dismiss [DE 13] from November 3, 2026 to and including December 1, 2026, and grant all other just and proper relief.

Respectfully submitted,



John Bricker, Plaintiff pro se

P.O. Box 144

New Buffalo, MI 49117

(269) 612-8946

octovent@fastmail.fm

Dated: November 3, 2026 (originally signed and mailed October 23, 2026)

**CERTIFICATE OF SERVICE**

I certify that on October 23, 2026, I served a copy of the foregoing, with Exhibit A, upon counsel for Defendants by first-class United States mail, postage prepaid, and that on November 3, 2026, I served a copy of this filing, with Exhibits A and B, by the same method, addressed to:

J. Thomas Vetne
Chester Law Office
230 N. Main St., Suite 2
Elkhart, IN 46516

John Bricker, Plaintiff pro se

# EXHIBIT B

U.S. Postal Service receipt: mailing of this motion

Mailed October 23, 2026, 2:35 p.m., New Buffalo Post Office, 325 W. Buffalo St., New Buffalo, MI 49117

UNITED STATES POSTAL SERVICE

NEW BUFFALO
325 W BUFFALO ST
NEW BUFFALO, MI 49117-9998
www.usps.com

10/23/2026 02:35 PM

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| First-Class Mail® Large Envelope<br>South Bend, IN 46601<br>Weight: 0 lb 2.10 oz<br>Estimated Delivery Date<br>Thu 10/29/2026 | 1 | | $2.27 |
| First-Class Mail® Large Envelope<br>Elkhart, IN 46516<br>Weight: 0 lb 1.50 oz<br>Estimated Delivery Date<br>Thu 10/29/2026 | 1 | | $1.98 |

Grand Total: $4.25

Cash $10.00
Change -$5.75

TO REPORT AN ISSUE
Visit https://emailus.usps.com

All hazardous labels/markings on reused boxes MUST be completely removed/obliterated if they no longer match the contents.

PREVIEW YOUR MAIL AND PACKAGES
Sign up for FREE at
https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

Customer Service
1-800-ASK-USPS
(1-800-275-8777)
Agents do not have any additional information other than what is provided on USPS.com.

Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device,

or call 1-800-410-7420.

UFN: 256680-0179
Receipt #: 840-54930336-1-3804791-2
Clerk: 03

Two First-Class Mail large envelopes: South Bend, IN 46601 (Clerk), $2.27; Elkhart, IN 46516 (counsel for Defendants), $1.98. Estimated delivery: Thursday, October 29, 2026. Original receipt retained by Plaintiff.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| JOHN BRICKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. |
| v. | ) | 3:26-cv-01125-DRL-SJF |
| | ) | |
| JAMES M. EPSTEIN and | ) | |
| LAKE FRONT ASSOCIATES LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' PARTIAL MOTION TO DISMISS**

This matter comes before the Court on Plaintiff John Bricker's Motion for Extension of Time to Respond to Defendants' Partial Motion to Dismiss (DE 13). The Court, having reviewed the motion and being duly advised, now GRANTS the motion.

Plaintiff shall file his response to Defendants' Partial Motion to Dismiss (DE 13) on or before December 1, 2026. Defendants may file a reply within the time provided by N.D. Ind. L.R. 7-1(d).

SO ORDERED. Dated: ______________________

______________________________
Judge, United States District Court

Distribution:
John Bricker, Plaintiff, pro se, P.O. Box 144, New Buffalo, MI 49117
J. Thomas Vetne, Chester Law Office, 230 N. Main St., Suite 2, Elkhart, IN 46516 (counsel for Defendants)